OTERO & Co., *S. en C.*, Plaintiff and Appellant, *v.* LUIS MENDÍN SABAT, Defendant and Appellee.

No. 5277.   Argued December 16, 1930.—Decided March 12, 1931.

*R. Hernández Matos* for appellant.   *Luis Mendín Sabat in pro. per.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In an affidavit filed on November 15, 1929, in the Municipal Court of Ponce in accordance with Act No. 61 of April 15, 1916, as amended by Act No. 88 of 1925 (Session Laws, p. 670), Civil Code (1930 Ed.) p. 413, regarding conditional sales, it was set forth that on July 29, 1926, Luis Mendín Sabat bought from the plaintiff a pianola for $950, paying $400 in cash and promising to pay $550 at the rate of $30 monthly; that Mendín paid $450 in installments but failed to pay the last two installments which matured, respectively, on September 1 and October 1, 1927. Based on these facts the vendor prayed for repossession of the pianola in question pursuant to the provisions of section 6 of the said Act.

The defendant in his answer admitted the execution of the contract. He alleged that he had fully paid the price. He further claimed that the complaint or affidavit did not set forth facts sufficient to constitute a cause of action and that in any event the action had prescribed in accordance with section 1869 of the Civil Code.

Following the affidavit and the answer to which we have just referred, there appears in the transcript of the record sent up to this court the judgment rendered by the municipal court which in its pertinent part reads as follows:

"As the plaintiff, Otero & Co., *S. en. C.*, has failed to prove the facts alleged in its petition, the same is denied without any special imposition of costs."

The plaintiff took an appeal to the District Court of Ponce. The defendant demurred on various grounds, among which that of prescription was sustained, and the case was decided also by that court in favor of the defendant. Thereupon the plaintiff appealed to this court.

In due time the defendant moved for a dismissal of the appeal based on the amount in controversy, and in deciding the motion this court said:

"On hearing the foregoing motion for a dismissal of this appeal and the movant having failed to convince us of the lack of jurisdiction by reason of the amount involved, the motion to dismiss is hereby denied."

In its brief the defendant insists on the question of jurisdiction raised by him. After considering it the Court ratifies its previous decision.

Section 6 of the special law on the matter (Civil Code, 1930 Ed., p. 470), in its pertinent part, reads as follows:

". . . *Provided*, That to enable the conditional vendor to recover the movable goods or chattels, the object of the contract, for retention during the aforesaid term of thirty days, he shall file with the judge of such court as may have jurisdiction of the case, an affidavit. . ."

920

This being so, the jurisdiction of the court is determined by the value of the thing conditionally sold and claimed by the vendor pursuant to law. The value of the thing sold in the present case amounts to $950, which exceeds the amount established by subdivision 2 of section 295 of the Code of Civil Procedure in connection with the jurisdiction of the Supreme Court in cases decided in the district courts on appeal from municipal courts.

Now, the consideration of this question leads us to another unavoidable consequence: That both courts, the municipal court when originally taking cognizance of the case and the district court when deciding it on appeal, acted without jurisdiction, because the jurisdiction of the municipal court is limited to $500 and the value of the thing claimed in the present case as fixed in the contract exceeds that sum.

By virtue of the foregoing, the judgment appealed from must be set aside, although not on the grounds alleged by the appellant but because the same had been rendered without jurisdiction; and as this court is to render the only decision that the district court could render in the premises, the judgment entered by the municipal court must also be vacated for want of jurisdiction, all without any special imposition of costs.